# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AMAVISCA,<br><br>        Petitioner,<br><br>   v.<br><br>A.K. SCRIBNER, Warden,<br><br>        Respondent. | CV F  05-1632 SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING THE CLERK OF COURT TO DISMISS ACTION WITH PREJUDICE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 4, 10, 16.)

## BACKGROUND

On January 16, 1998, Petitioner was convicted in the Superior Court of the State of California, County of Kings, of rape (Ca. Pen. Code[1] § 261, subd. (a)(2)), robbery (§ 211), two counts of assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)), torture (§ 206), terrorist threats (§ 422), corporal injury on a cohabitant (§ 273.5, subd. (a)), and misdemeanor assault (§ 240). The jury also found the numerous great bodily injury enhancements to be true (§§ 12022.7 and 12022.8). Petitioner received an indeterminate state prison term of life with the possibility of parole for the torture conviction and a determinate term of twenty years, eight months for the remainder of the convictions. (Lodged Docs. 1-2.)

---

[1] All future statutory references are to the California Penal Code unless otherwise indicated.

1

1  Petitioner appealed his sentence. On April 26, 2000, the California Court of Appeal, Fifth Appellate District, issued its opinion affirming the judgment. (Lodged Doc. 2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on July 12, 2000. (Lodged Docs. 3-4.)

Petitioner filed five state post-conviction collateral challenges to his conviction, all petitions for writs of habeas corpus that are with respect to the pertinent judgment or claim. The first petition was filed in the Kings County Superior Court on May 17, 2002, and denied on May 29, 2002. (Lodged Docs. 5-6.) The second petition was filed in the California Court of Appeal, Fifth Appellate District on August 13, 2002, and denied on September 11, 2003. (Lodged Docs. 7-8.) The third petition was filed in the Kings County Superior Court on December 18, 2003, and denied on December 24, 2003. (Lodged Docs. 9-10.) The fourth petition was filed in the California Court of Appeal, Fifth Appellate District on February 10, 2004, and denied on May 14, 2004. (Lodged Docs. 11-12.) The fifth petition was filed in the California Supreme Court on October 25, 2004, and denied on August 31, 2005. (Lodged Docs. 13-14.)

The instant petition for writ of habeas corpus was filed on December 23, 2005.

On March 29, 2006, Respondent filed a motion to dismiss. (Court Doc. 9.) Petitioner filed an opposition on May 23, 2006. (Court Doc. 14.) Respondent filed a reply on June 19, 2006, and with this Court's permission, Petitioner filed a surreply on August 17, 2006. (Court Docs. 18, 23.)

## DISCUSSION

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Supreme Court and the Ninth Circuit have allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See Lonchar v. Thomas, 517 U.S. 314, 325 (1996); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on December 23, 2005, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on July 12, 2000. As Respondent acknowledges in his reply, Petitioner filed a petition for writ of certiorari to the United States Supreme Court on October 10, 2000, ninety days after the California Supreme Court denied his petition. The petition for writ of certiorari was denied on April 16, 2001. (Court Doc. 19, Lodged Doc. 1.) Therefore, finality of direct review occurred on April 16, 2001, the date the United States Supreme Court denied the petition for certiorari. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); accord Bond v. Moore, 309 F.3d 770, 773-4 (11th Cir. 2002); Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001); Williams v. Artuz, 237 F.3d 147, 148 (2d Cir. 2001); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The one-year statute of limitations period commenced running the following day - April 17, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on April 16, 2002, plus any time for tolling.

III.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if

the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, 546 U.S. 189, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

The earliest of the state post-conviction applications was not filed, with the benefit of the mailbox rule, until May 10, 2002, twenty-four days after the statute of limitations expired.[2] The filing of a state collateral action after expiration of the limitations period does not restart the clock at zero or otherwise save a claim from being time-barred. In other words, once the statute has run, a collateral action cannot revive it. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, the first through the fifth petitions do not extend the statute of limitations, as it expired on April 16, 2002, and absent equitable tolling, the instant petition is time-barred.

IV.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[3] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391,

---

[2] In Houston v. Lack, 487 U.S. 266 (1988), the Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court. The Ninth Circuit in Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000 amended May 23, 2001), held that the "mailbox" rule as provided for in Houston applies to state petitions with respect to calculating the statute of limitations under AEDPA. See also Smith v. Duncan, 274 F.3d 1245, 1251 (9th Cir. 2001), *superseded*, 297 F.3d 809, 814-15 (9th Cir. 2002) (finding that tolling is calculated under the mailbox rule from the date the declaration of service is signed). Here, Petitioner's earliest petition contained a proof of service dated May 10, 2002. (Lodged Doc. 5.)

[3] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

5

395 (9th Cir.1993).

In his opposition, Petitioner raises the following grounds for equitable tolling: (1) he filed a petition for writ of certiorari with the United States Supreme Court and did not receive notice of the denial of the certiorari until November 2001; (2) he is a layman of law and, as such, was forced to obtain the assistance of a jailhouse lawyer; (3) he was placed in administrative segregation from October 2001 through April 2002, and, consequently, was without the resources needed to challenge his conviction; (4) he was transferred to California State Prison - Corcoran in 2002 and forced to locate a new jailhouse lawyer and begin anew; (5) because he is a layman of the law and was forced to seek the assistance of a jailhouse lawyer, the factual predicate of his claims could not have been discovered sooner and, thus, he is entitled to a later start of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D); and (6) Respondent is bound by Rule 9(a) of 28 U.S.C. § 2254.  (Opposition, at 3-9.)

First, with regard to Petitioner's claim that he did not receive notice of the United States Supreme Court's denial of the petition for writ of certiorari until November 2001, it is unfounded.  In his reply, Respondent has submitted the prison mail card for Petitioner for the period of December 14, 1999, through March 26, 2002.  (Court Doc. 19; Lodged Doc. 2.) According to the mail card, Petitioner received mail from the United States Supreme Court on April 21, 2001, just five days after the petition was denied.  (Id.)  The mail card does not show any legal mail from the United States Supreme Court being received in November 2001.  (Id.) Thus, as Respondent submits, it is reasonable to conclude that Petitioner received disposition of his certiorari petition on April 21, 2001.

Assuming, arguendo, that Petitioner did not actually receive notice of the denial until over six months after its issuance, he would still not be entitled to equitable tolling.  Where there is a lengthy delay between the issuance of a necessary order and an inmate's receipt of it, equitable tolling may be granted if the petitioner establishes (1) delayed notice of the denial of his state petition; (2) that he diligently attempted to ascertain the status of the state court's orders; and (3) that the delay prevented the inmate from filing a timely federal habeas petition.  Drew v. Dept. of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002); see also Miller v. Collins, 305 F.3d 491, 495

(6th Cir. 2002); Knight v. SchoField, 292 F.3d 709, 711 (11th Cir. 2002); Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001). As Respondent argues, Petitioner has failed to meet his burden of establishing a delayed notice, that he diligently attempted to determine the status of the certiorari petition, and that any delay caused him to be unable to file a timely federal habeas petition. Thus, even giving Petitioner the benefit of the doubt, he has failed to establish that he is entitled to equitable tolling.

Second, with regard to Petitioner's second, fourth, and fifth claims for excusing the untimeliness of the instant petition, Petitioner contends that he is a layman of the law, and was forced to seek assistance from a jailhouse lawyer. He further claims that prison transfers interfered with his obtaining assistance from a jailhouse lawyer. Petitioner further contends that because of his layman status and the fact that he had to rely on a jailhouse lawyer, he could not have discovered the factual predicate of his claims any sooner. (Opposition, at 3-4.) As Respondent submits, as these claims are inter-related, the Court will address them together. To begin with, ignorance of the law is not an extraordinary circumstance sufficient to justify equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); see also e.g., Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir.1997), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) ("it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Warren v. Lewis, 365 F.3d 529, 532 (6th Cir.2004), *quoting* Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991) ("[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). Likewise, Petitioner's reliance on a fellow inmate and the prison's failure to provide Petitioner with legal assistance are not sufficient, because prisoners in California are not entitled to legal assistance in collateral proceedings as a matter of right. *Cf.* Smith v. Idaho, 392 F.3d 350, 357

(9th Cir. 2004), as amend; see also Henderson v. Johnson, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998) (despite having been decided by his jailhouse lawyer that a writ had been filed, court held petitioner was always in "charge of his habeas petition" and that his reliance on another inmate was voluntary); United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir. 2000) (no equitable tolling where petitioner gave his legal papers to a jailhouse lawyer whose placement in segregation separated petitioner and his papers for some time before the expiration of the one-year grace period until after the filing deadline had passed); Paige v. United States, 171 F.3d 559, 560-61 (8th Cir. 1999) (equitable tolling did not apply to interprison mail delay of motion to petitioner by his brother, who was housed in a different prison and wrote petitioner's motion for him); Mendez v. Artuz, 2000 WL 991336, *2 (S.D.N.Y. July 9, 2000) (fellow inmate's inaccurate legal advice did not excuse petitioner from complying with § 2244(d)(1) deadline; *accord* Reid v. Lambert, 2004 WL 1305249 (D. Ore. March 29, 2004); *cf.* Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on allegedly incompetent jailhouse lawyer not cause for default); Hughes v. Idaho Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (release of inmate's legal assistant not cause for default). Petitioner's reliance on an inmate assistant was strictly voluntary and he could have filed his petition at any time. Thus, Petitioner is not entitled to equitable tolling based on his alleged ignorance of the law or assistance by a jailhouse lawyer.

In his third claim for equitable tolling, Petitioner states that he was placed in the Administrative Segregation Unit (ASU) from October 2001 through April 2002, which as Respondent submits, is correct. (Opposition, at 3.) In his reply to Petitioner's opposition, Respondent submits a movement history printout which reflects that Petitioner was placed in the ASU from October 29, 2001, to April 23, 2002. (Court Doc. 19; Lodged Doc. 3.) Petitioner does not provide any specifics as to what "legal materials" he was without. To the extent Petitioner is referring to his trial and appellate record, as Respondent submits those materials were available to him in his cell in one foot cubic increments at his request. (Court Doc. 19; Lodged Doc. 4.) To the extent Petitioner is contending that he was restricted to law library access, such access was not prohibited, and Petitioner needed only request such. (Id.; Lodged Doc. 5.) Petitioner offers no evidence to contradict the evidence submitted by Respondent. Pace

v. DiGuglielmo, 544 U.S. at 418; Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (the burden of demonstrating grounds warranting equitable tolling rests with petitioner.)

Thus, the fact that Petitioner was placed in the ASU, standing alone, does not bear on Petitioner's ability to timely file his petition because he makes no allegation and provides no support for the proposition that simply being housed in administrative segregation made it impossible for him to do so. Cf. Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted where inmate confined in administrative segregation was denied access to legal files for eleven months despite his repeated requests for them). Moreover, Petitioner provides no explanation for his failure to file a state habeas petition (which, as noted above, would have tolled the statute of limitations), in the five or six months (i.e. April 21, 2001 to October 2001) prior to being placed in the ASU.

With regard to any claim concerning prison lockdowns, in general, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling, absent a showing of how the lockdowns interfered with the ability to file on time. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (no tolling for prisoner who failed to show how intermittent lockdowns prevented him from filing his petition.); Atkins v. Harris, 1999 WL 13719, * 2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.)

Additionally, Petitioner does not provide any specifics as to how he was prohibited from sooner filing his post-conviction collateral petitions due to his placement in the ASU. As Respondent submits, Petitioner simply claims, without offering any supporting documentation, that he was separated from his "legal work." (Opposition, at 3.) See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "casual connection" between the alleged extraordinary circumstance and the failure to file a timely petition), *modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006). In his surreply, Petitioner simply adds that the documents attached to his previously filed motion for an extension of time, demonstrate that he is physically unable to access the law library and the paging system is, at best, frustrating. (Surreply, at 6.) The

documents attached to Petitioner's motion for extension of time demonstrate only that as of February 2006, the prison law library at Corcoran State Prison has been undergoing extensive remodeling resulting in inmate's having limited or no access to it.  (Court Doc. 21, attachments, at p. 3.)  However, this does not aid in Petitioner's claim for equitable tolling as the restrictions occurred well after the statute of limitations expired, and well after the instant petition was filed.

Lastly, with regard to Petitioner's sixth claim that Respondent is bound by Rule 9(a) of 28 U.S.C. § 2254, it fails.  (Opposition, at 4-9.)  Rule 9(a) of 28 U.S.C. § 2254 states as follows:

> A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

However, as Respondent correctly argues, when the statute of limitations is a bar, prejudice to Respondent is not an issue.  See United States v. Duffus, 174 F.3d 333, 338 (3rd Cir. 1999).

In his surreply, Petitioner contends that he is actually innocent of the criminal charges of which he was convicted.  Neither the Supreme Court nor the Ninth Circuit has expressly held that there is an actual innocence exception to a violation of section 2244(d)'s limitation period. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).  To date, the Ninth Circuit has only excused a violation of the limitation period in cases where the petition was entitled to equitable tolling.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d at 1287-89, overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998), overruled on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

However, even if the Court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent."  Bousley v. United States, 523 U.S. 614, 622 (1998), *quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986).  Petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S.

1  298, 329 (1995).  Petitioner presents no such evidence.

2      In addition, it appears that Petitioner is attempting to argue that because his petition
3  raises, in his opinion, serious constitutional violations, it must be reviewed.  However, Petitioner
4  is advised that the merits of the federal petition are not relevant to whether extraordinary
5  circumstances exist justifying the late filing of the habeas petition; showing of extraordinary
6  circumstances related to filing of the petition itself is required.  <u>Helton v. Secretary for Dept. of
7  Corrections</u>, 259 F.3d 1310, 1314-15 (11th Cir. 2001); <u>Escamilla v. Jungwirth</u>, 426 F.3d 868 (7th
8  Cir.2005) (Even "[p]risoners claiming to be  innocent . . . must meet the statutory requirement of
9  timely action.").

10      Further, to the extent Petitioner is claiming that because the state courts did not deny any
11  of his state post-conviction collateral petitions on untimely grounds, this Court and Respondent
12  is barred from raising and addressing the statute of limitations, the claim is without merit.
13  Petitioner filed the instant federal petition for writ of habeas corpus under 28 U.S.C. § 2254, to
14  which AEDPA applies, which proscribes and sets forth a one-year statute of limitations from the
15  conclusion of direct review (with the benefit of statutory tolling for any properly filed state post-
16  conviction collateral challenge).  <u>See</u> 28 U.S.C. § 2244(d).  Because Petitioner did not file any of
17  his state post-conviction petitions prior to the expiration of the statute of limitations, and because
18  Petitioner is not entitled to equitable tolling, the instant action is barred by § 2244(d)'s one-year
19  statute of limitations.

20      Based on the foregoing, Petitioner has failed to demonstrate facts constituting
21  "extraordinary circumstances" beyond his control, which prevented the timely filing of the
22  instant petition.  Accordingly, the statute of limitations expired on April 16, 2002, resulting in the
23  instant petition being untimely.

### ORDER

25      Based on the foregoing, it is HEREBY ORDERED that:
26      1.    Respondent's motion to dismiss the instant petition as untimely be GRANTED;
27          and
28      2.    The Clerk of Court is directed to enter judgment in favor of Respondent and

1  dismiss this action, with prejudice.

3  IT IS SO ORDERED.

4  **Dated:     December 7, 2006**          **/s/ Sandra M. Snyder**
   icido3                                    UNITED STATES MAGISTRATE JUDGE