# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AMAVISCA, | CV F   05-1632 SMS HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. 26] |
| A.K. SCRIBNER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 4, 10, 16.)

On December 8, 2006, the Court dismissed the instant petition, with prejudice, as time-barred, and judgment was entered in favor of Respondent. (Court Docs. 24, 25.) On January 11, 2007, Petitioner filed a motion for reconsideration. (Court Doc. 26.) On January 12, 2007, Petitioner filed a notice of appeal. (Court Doc. 27.)

The notice of appeal effectively deprived this Court of jurisdiction to rule on Petitioner's motion for reconsideration of its prior decision to dismiss the petition.  Generally, the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir.1991); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th Cir.1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984); Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982).  However, a district court does have discretion to entertain a motion for reconsideration even though an

appeal has been taken.  Gould, 790 F.2d at 773 ("Once an appellate mandate has issued, leave of . . . [the Court of Appeal] is not required for district court consideration of Rule 60(b) motion").

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Petitioner fails to meet this high standard.  Although Petitioner states that he is attempting to expand on his claim for equitable tolling, Petitioner does not set forth any arguments or evidence that have not already been considered by this Court.  Petitioner's arguments present no basis for relief.

Accordingly, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     January 23, 2007**            **/s/ Sandra M. Snyder**
icido3                                              UNITED STATES MAGISTRATE JUDGE